IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANDREW MCMILLAN | § | |
| VS. | § | CIVIL ACTION NO. 1:24cv38 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Andrew McMillan, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

On August 13, 2007, as the result of guilty pleas entered in the 128th Judicial District Court of Orange County, Texas, petitioner was convicted of three counts of aggravated sexual assault of a child. He was sentenced to 40 years of imprisonment. Petitioner did not appeal his convictions or sentence. Nor has he filed a state application for writ of habeas corpus.

Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction becomes final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from filing by such state action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts

supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2242(d)(1)(A)-(D).

Petitioner was convicted on August 13, 2007. As no appeal was filed, the conviction became final on September 12, 2007, 30 days later, when the time period for filing a notice of appeal concerning his convictions expired.[1] The period of limitations began to run on that date and expired one year later, on September 12, 2008. As the current petition is dated January 25, 2024, the current petition was filed after the applicable period of limitations expired.[2]

Petitioner does not assert that the state created an impediment to bringing a federal petition for writ of habeas corpus at an earlier time or that his grounds for review are based upon a newly recognized right. Further, his claims are not based on newly discovered facts that could not have been discovered earlier through the exercise of due diligence. Finally, petitioner has not demonstrated he is entitled to equitable tolling. As a result, this petition should be dismissed.

## Recommendation

This petition for writ of habeas corpus should be dismissed as barred by the applicable statute of limitations.

## Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by

---

[1] Pursuant to Texas Rule of Appellate Procedure 26.2(a), a criminal defendant has 30 days to file a notice of appeal.

[2] As petitioner has not filed a state application for writ of habeas corpus, he is not entitled to any statutory tolling pursuant to 28 U.S.C. § 2244(d)(2).

the district court except on grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996) *(en banc)*; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

SIGNED this 1st day of July, 2024.

_____
Zack Hawthorn
United States Magistrate Judge